UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. MORTON,

       Plaintiff,                         CIVIL ACTION NO. 06-14151

  v.                                    DISTRICT JUDGE PAUL V. GADOLA

MARTHA WRIGHT, HEADWAY       MAGISTRATE JUDGE VIRGINIA MORGAN
CORPORATE STAFFING SERVICES
OF NORTH CAROLINA, INC., a
Delaware corporation, and/or HEADWAY
TECHNOLOGY RESOURCES, LLC, a
Delaware limited liability company, and
RESEARCH TRIANGLE INSTITUTE, a
North Carolina corporation,

       Defendants.
_____/

ORDER DENYING NON-DISPOSITIVE MOTIONS:
*Plaintiff's Motion/ Amended Motion to Strike Fraudulent Documents (D/E 6 and 8);*
*Plaintiff's Motion for Supersedeas and/or Protective Order (D/E 25);*
*Plaintiff's Motion to Correct Clerical Mistakes in Order Referring*
*Motion to Magistrate Judge (D/E 39)*

    Before the court are several motions in this *pro se* civil action, removed from state court and referred to the undersigned. The action arose from plaintiff's employment and subsequent discharge. Plaintiff alleges claims under Michigan law for specific performance of a contract, retaliation, tortious interference with business relationship, as well as a federal claim against the corporate defendants for violation of the Civil RICO Act. He sues his former employer Headway

- 1 -

Corporate Staffing and its client Research Triangle Institute, which he alleges are a Delaware corporation and North Carolina corporation respectively. (Complaint caption) He has also sued his former supervisor Ms. Wright, a Michigan resident. Oral argument was held on the motions before the magistrate judge on December 11, 2006. For the reasons discussed in this opinion, the following motions are DEEMED FRIVOLOUS AND ARE ORDERED DENIED: (1) Plaintiff's Motion and Amended Motion to Strike Fraudulent Documents (D/E 6 and 8), (2) Plaintiff's Motion to Correct Clerical Mistakes in Order Referring Motion to Magistrate Judge (D/E 39), and (3) Plaintiff's Motion for Supersedeas and/or Protective Order (D/E 25).

1.  Background

Plaintiff was employed as a field interviewer by Headway Corporate Services beginning on or about 2002. Plaintiff conducted interviews in connection with a survey on drug use being performed for Headway's client RTI. Plaintiff was to be paid $5.15/hour during the training program and then a rate of $12.50/hour with the availability of certain bonuses. Plaintiff was provided computer equipment to use in connection with his employment. Plaintiff damaged his hand held computer on two separate occasions. After the second incident, he was requested to pay $266 pursuant to the contractual agreement. Instead of paying the money or discussing the matter with his supervisor as directed in writing, he contacted the tech support persons and allegedly threatened them. He was then terminated on or about March 9, 2006. Plaintiff subsequently filed this action.

### 2. The Motions

*1.  Plaintiff's Motion/ Amended Motion to Strike Fraudulent Documents (D/E 6 and 8) IS DENIED.*

Plaintiff contends that a document which was part of his employment application was contained in the notice of removal but was not attached as an Exhibit to his complaint. Defense counsel has denied that he inserted any extraneous material into the Notice of Removal and that he only provided what had been served on defendant Martha Wright, that is, what came directly from plaintiff himself. Title 28 U.S.C. §1446(a) governs the removal procedure and provides that copies of all process, pleadings, and orders served upon the defendant be attached to the Notice of Removal. Plaintiff, as the moving party on this motion to strike, has the burden to show that he is entitled to relief. In this case, plaintiff admits that the document is part of his employment application. The document is not immaterial, impertinent or scandalous and plaintiff is not prejudiced if the document remained in the pleadings.

The court finds that plaintiff has failed to meet his burden of showing that the defendants added the document to those attached to his complaint and finds that plaintiff would not be prejudiced by inclusion of the document as it is a matter that would be produced in discovery in any event. The motion/amended motion to strike is denied.

*2.  Plaintiff's Motion for Supersedeas and/or Protective Order (D/E 25) IS DENIED.*

Plaintiff seeks a stay of all discovery pending the remand of the case to Wayne County Circuit Court. In light of no proper basis for the remand and the recommendation denying the motion to remand, the matter should be deemed moot and discovery should begin to proceed

forthwith. A scheduling order has been entered by the district judge requiring discovery to be completed by the end of February, 2007. Although the two corporate defendants have not been properly served, they have waived service and are represented by counsel who has entered an appearance in their behalf. Accordingly, they are properly before the court and the case should go forward. See, United States v. Hafner, 421 F. Supp 2d 1220 (D. ND 2006)

3.   *Plaintiff's Motion to Correct Clerical Mistakes in Order Referring Motion to Magistrate Judge (D/E 39) IS DENIED.*

On October 27, 2006, the district judge entered an Order of Reference referring Plaintiff's Amended Motion to Strike filed on 10/24/2005 (D/E 8) and Plaintiff's Amended Motion to Remand (D/E 13). Plaintiff alleges that the date of D/E 8 and D/E 13 are misstated by the district judge. This is a frivolous motion which wastes the time of all parties and the court. The order of reference was clear and the magistrate judge held a hearing on the instant motions in response to the Order of Reference. The docket number is sufficient to identify the motion and any amendments thereto. Plaintiff's motion is denied.

SO ORDERED.

        s/Virginia M. Morgan
        VIRGINIA M. MORGAN
        UNITED STATES MAGISTRATE JUDGE

Dated: December 28, 2006

## CERTIFICATE OF SERVICE

      I hereby certify on December 28, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 28, 2006.  **Michael Morton.**

                                          s/Michael E. Lang
                                          Deputy Clerk
                                          (313) 234-5217