UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. MORTON,

        Plaintiff,                        CIVIL ACTION NO. 06-14151

      v.                              DISTRICT JUDGE PAUL V. GADOLA

MARTHA WRIGHT, HEADWAY        MAGISTRATE JUDGE VIRGINIA MORGAN
CORPORATE STAFFING SERVICES
OF NORTH CAROLINA, INC., a
Delaware corporation, and/or HEADWAY
TECHNOLOGY RESOURCES, LLC, a
Delaware limited liability company, and
RESEARCH TRIANGLE INSTITUTE, a
North Carolina corporation,

        Defendants.
_____/

### REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION/AMENDED MOTION TO REMAND TO WAYNE COUNTY (D/E 9 AND 13) AND DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO FOLLOW COURT ORDER (D/E 5)

      This case is before the court on plaintiff's motion/amended motion to remand to Wayne county (D/E 9 and 13) and defendants' motion to dismiss for failure to follow court order (D/E 5). This *pro se* action, alleging five separate counts, arose from plaintiff's employment and subsequent discharge. Plaintiff alleges claims under Michigan law for specific performance of a contract, retaliation, and tortious interference with business relationship, as well as a federal claim against the corporate defendants for violation of the Civil RICO Act. He sues his former

- 1 -

employer Headway Corporate Staffing and its client Research Triangle Institute, which he alleges are a Delaware corporation and North Carolina corporation respectively. (Complaint caption.) He has also sued his former supervisor Ms. Wright, a Michigan resident. Oral argument was held on the motions before the magistrate judge on December 11, 2006. For the reasons discussed in this Report, it is recommended that the motions be denied.

*Background*

Plaintiff was employed as a field interviewer by Headway Corporate Services beginning on or about 2002. Plaintiff conducted interviews in connection with a survey on drug use being performed for Headway's client RTI. Plaintiff was to be paid $5.15/hour during the training program and then a rate of $12.50/hour with the availability of certain bonuses. Plaintiff was provided computer equipment to use in connection with his employment. Plaintiff damaged his hand held computer on two separate occasions. Pursuant to an agreement, and after the second incident, he was requested to pay $266 as required in the agreement. Instead of paying the money or discussing the matter with his supervisor as directed in writing, he contacted the tech support persons and allegedly threatened them. He was then terminated on or about March 9, 2006. Plaintiff subsequently filed this action.

Plaintiff, despite his *pro se* status, is no stranger to employment litigation. He sued former employer University of Michigan where he was employed as an interviewer for academic surveys from 2001 to 2002. He demanded $250,000 based on the University's delay in paying a voluntary settlement for a former claim that he made for $20. (See *inter alia*, Ex. A-9, A-12, A-13 to D/E 21-2.) In October, 2002, he sued Eby Brown Company seeking certain employment

benefits which he did not receive.  He agreed to accept $2098.53 to resolve the matter. (Ex. A-14 to D/E 21-2.)  He also sued the United Food and Commercial Workers, Meijer, Inc. and the arbitrator involved for claims arising out of his retail employment with Meijer.  (See, Ex. E to D/E 5-7.)

    *A.  Plaintiff's Motion/Amended Motion to Remand to Wayne County (D/E 9 and 13)*

Plaintiff argues that the case should be remanded because the sole federal claim is made against only the corporate defendants and that they are not properly before the court because they were not served in state court before the case was removed. He relies on a Michigan court rule that provides for dismissal <u>without</u> prejudice by the clerk for unserved defendants upon expiration of the summons.  State summonses expire after 91 days.  (See MCR 2.102 (D), (E).)  In this case, Ms. Wright was served, but apparently the corporate defendants were not.  However, they were never ordered dismissed by the state court.  They have waived proper service and consented to the jurisdiction of this court as evidenced by the Notice of Removal.  Both corporate defendants and Ms. Wright are represented by the same law firm and all joined in the timely notice of removal.  Plaintiff argues that they were dismissed pursuant to Michigan Court Rule but the court is not so persuaded.  They were named as defendants in state court, took action with respect to defending the action, and plaintiff intends to sue them.  He expressed his unwillingness to dismiss them with prejudice from this case, although he represents from time to time in his pleadings that they have been dismissed with prejudice.  They have not been.  Thus, they remain in the case as defendant parties.

The federal court has jurisdiction over this dispute because plaintiff has alleged violations of federal statutes against defendants who are properly before the court. A review of the complaint and the arguments indicates that plaintiff has alleged claims within the federal question jurisdiction of this court 28 U.S.C. 1331, including civil RICO, violations of ERISA, and violations of the federal minimum wage act. (See Count III.)

There is some discussion in defendants' papers that the amount in controversy alone conveys jurisdiction, but the court believes that defendants' argument is incomplete because it fails to discuss the requisite amount in controversy. Plaintiff has alleged claims cognizable under 28 U.S.C. §1332 (diversity jurisdiction) as he sued for state claims of breach of contract, retaliation, and tortious interference against the non-Michigan corporations. These claims arise under Michigan law and more than $75,000 appears to be controversy (plaintiff asks for $25,000 on each count). Federal district courts have jurisdiction only if the amount in controversy exceeds $75,000 and also the parties are citizens of different states. 28 U.S.C. § 1332. Here, the plaintiff is a Michigan citizen and the corporate parties are not, so diversity jurisdiction would exist. This is complicated, however, by the fact that plaintiff has also named as a defendant his former supervisor Mrs. Wright, a Michigan citizen. Her presence as a named defendant would destroy diversity because not all defendants would be diverse. It may be that naming Mrs. Wright should be ignored under the doctrine of law of fraudulent joinder, dealing with parties added to defeat diversity jurisdiction. *See generally*, 14 Wright, Miller & Cooper <u>Federal Practice and Procedure</u>, §1684 (3d Ed. 1998). The burden of proving fraudulent joinder is a heavy one and a defendant seeking to establish the same must show that there is no possibility

(1) that the plaintiff can establish a cause of action against the resident defendant or (2) that the plaintiff has fraudulently pled matters to bring the resident defendant into state court.  <u>Henderson v. Washington Nat. Ins. Co</u>, 454 F3d 1278, 1281 (11th Cir 2006)   That may well be the case here as Mrs. Wright had no separate contractual relationship with plaintiff, was only his supervisor and not his employer, and had no other relationship with him.  However, defendants have not addressed this in the brief.  Since jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction) is enough to make the removal proper, the court will not make a determination at this time with respect to whether diversity jurisdiction also exists.

     *B. Defendants' Motion to Dismiss for Failure to Follow Court Order (D/E 5)*

Defendants seek an involuntary dismissal pursuant to FRCP Rule 41 for plaintiff's failure to cooperate in discovery.  On September 22, 2006, the district judge issued a Notice of Scheduling Conference and notified the parties that they should appear on October 23, 2006.  Defense counsel arranged a discovery conference with plaintiff before the scheduled pretrial conference.  According to defendants, plaintiff arrived late to the meeting and refused to sit down, stating that he was remanding the case and handed defense counsel a document entitled "Request for your concurrence in Motion to Remand and Cost, Fees, Expenses, etc."  (Def. Motion ¶ 6-9.)  After some brief colloquy, the conference was terminated and defense counsel advised that he would seek sanctions.

FRCP Rule 41(b) provides that for failure of the plaintiff to prosecute or comply with the rules or any order of the court, a defendant may move for dismissal of an action or a claim against the defendants.  Unless the court orders otherwise, the dismissal operates as an

adjudication on the merits.  FRCP Rule 26(f) provides that the parties are to meet 21 days before the scheduling conference and then submit a discovery plan. This did not occur in this case because, as defendants argue, plaintiff did not comply.

Plaintiff, on the other hand, alleges that there is no federal question in the lawsuit because Count V (the RICO count) was solely against Headway which "was dismissed with prejudice approximately two weeks before defense counsel removed this matter. . ." (Response, ¶25)  As is discussed above, that simply did not in fact occur.  While the corporate defendants may not have been properly served in state court, the employee, Ms. Wright, was served and the corporate defendants have waived further service in federal court.  Plaintiff's argument is factually and legally inaccurate.

Plaintiff seems to concede that he may be subject to sanctions under FRCP Rule 37 for failure to participate in framing a discovery plan, but that a sanction so drastic as a dismissal with prejudice and attorney fees is too severe.  The court is inclined to agree.

It must be recognized that where a plaintiff is pro se, courts hold that such complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972).  These complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief.  Hughes v. Rowe, 449 U.S. 5, 10 (1980).  Courts are reluctant to dismiss on procedural grounds alone.  However, it is not the role of the court to guess the nature of the claim(s) asserted.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City

of Detroit, 808 F.2d 459 (6th Cir. 1986).  Further, a *pro se* plaintiff is not excused from compliance with the federal rules.

In addition, given plaintiff's history of litigation, he cannot be accorded the same level of naivety that many *pro se* plaintiffs have.  Plaintiff is a frequent filer.  Because this matter was removed from state court, he avoided paying the filing fee in this court.  He has filed numerous frivolous motions which have been denied in a separate order.  The court is reluctant to impose monetary sanctions at this time without a knowledge of plaintiff's ability to pay.  The court is also concerned that the imposition of monetary sanctions will give rise to satellite litigation and further distract from resolution of this case.  However, the court is concerned that plaintiff's manner of litigation will cause further disruption and needlessly and vexatiously multiply the pleadings.

Therefore, the court recommends that the defendants' motion to dismiss be denied, but further recommends that the district judge order as follows:

- that plaintiff refrain from filing frivolous and/or unwarranted motions,

- that he fully and fairly participate in discovery, including but not limited to having his deposition taken as soon as possible, and

- that he provide all materials consistent with FRCP Rule 26(a)(1) mandatory disclosures.

If plaintiff does not adhere to such an order, then it is recommended that his case be dismissed with prejudice and monetary sanctions.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                          s/Virginia M. Morgan
                                                          VIRGINIA M. MORGAN
                                                          UNITED STATES MAGISTRATE JUDGE

Dated: December 28, 2006

_____

**CERTIFICATE OF SERVICE**

    I hereby certify on December 28, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 28, 2006.  **Michael Morton.**

                                                          s/Michael E. Lang
                                                          Deputy Clerk
                                                          (313) 234-5217