UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. MORTON,

                                    Plaintiff,

                                                      CIVIL CASE NO. 06-14151
v.

MARTHA WRIGHT; HEADWAY                    HONORABLE PAUL V. GADOLA
TECHNOLOGY RESOURCES, LLC.,               U.S. DISTRICT COURT
HEADWAY CORPORATE STAFFING
SERVICES OF NORTH CAROLINA, INC.,

                                    Defendants.
_____/

## ORDER

### I.       Introduction

       This cause of action arises out of Plaintiff's employment with Defendant Headway

Technology Resources, LLC.  Plaintiff sets forth various claims in his June 6, 2006 complaint,

originally filed in the Third Judicial Circuit Court of Michigan, located in Wayne County, Michigan.

The cause of action was removed by Defendants on September 20, 2006.  Plaintiff now objects to

Magistrate Judge Virginia Morgan's December 28, 2006 report and recommendation denying

Plaintiff's motion and amended motion to remand the cause of action to state court and denying

Defendant's motion to dismiss for failure to follow court rules [docket entry #41, denying docket

entries #9, 13, and 5 respectively].  Plaintiff also objects to Magistrate Judge Morgan's order on

non-dispositive motions, also issued on December 28, 2006, denying Plaintiff's motion to correct

clerical mistakes, denying Plaintiff's motions to strike, and denying Plaintiff's motion for a

protective order [docket entry #40, denying docket entries #39, 6, 8, and 25 respectively].

## II.     Background

On June 6, 2006, *pro se* plaintiff, Michael J. Morton filed suit against Headway Corporate Staffing Services of North Carolina, Inc.; Headway Technology Resources, LLC[1]; and Michigan resident Martha Wright, in the Third Judicial Circuit Court of Michigan.  Plaintiff alleges five counts against various combinations of all the defendants.  Count I seeks declaratory relief against the corporate defendants; Count II seeks certain specific performance by the corporate defendants; Count III alleges violations of "Michigan Public Act 469" by the corporate defendants and Wright; Count IV alleges tortious interference with a business relationship by the corporate defendants and Wright; Count V alleges violations of the civil RICO act, 41 U.S.C. § 351, *et seq.*, against Defendant Headway.  Accordingly, only Count V alleges any violation of federal law.

Defendant Wright was served with the state court summons on August 30, 2006.  On September 20, 2006, counsel for all defendants filed a notice of removal, admitting that only Defendant Wright had been properly served but indicating that all defendants, including the corporate defendants had consented to the removal and waived any requirement of proper service.  There is no indication when the corporate defendants were notified of the suit against them.

Plaintiff moved to have the cause of action remanded to Wayne County Circuit Court on October 20, 2006, filed an "objection to removal of action" on that same date, and filed an amended motion to remand on October 24, 2006 [docket entries #9, #10, and #13, respectively].  On

---

[1]Headway Corporate Staffing Services of North Carolina, Inc., and Headway Technology Resources, LLC, together shall be referred to as "the corporate defendants" for ease of reference. The Court uses this nomenclature recognizing, without examining, Plaintiff's objections to any reference to Headway Technology Resources, LLC, as a "corporation" because it is rather a limited liability corporation.

2

December 28, 2006, Magistrate Judge Virginia Morgan issued a report and recommendation as to Plaintiff's motion to remand and his amended motion to remand, recommending that Plaintiff's motions to remand be denied.  The report and recommendation also related to Defendant's October 13, 2006 motion to dismiss for failure to follow an order of the Court.  With respect to Defendant's motion to dismiss, Magistrate Judge Morgan recommended that the motion be denied but that Plaintiff refrain from filing frivolous and/or unwarranted motions, that he fully participate in discovery, and that he comply with Federal Rule of Civil Procedure 26(a)(1) mandatory disclosures.

With respect to the recommendation that Plaintiff's motion and amended motion to remand be denied, the magistrate judge indicated that the corporate defendants,

> were never dismissed by the state court.  They have waived proper service and consented to the jurisdiction of this court as evidenced by the Notice of Removal. . . . Plaintiff argues that they were dismissed pursuant to Michigan Court Rule but the court is not so persuaded.  They were named as defendants in state court, took action with respect to defending the action, and plaintiff intends to sue them. . . .They have not been [dismissed].  Thus, they remain in the case as defendant parties.

Report and Recommendation, p. 3 (Dec. 28, 2006) [docket entry #41].

Plaintiff filed objections to the report and recommendation on January 16, 2007.  Defendants filed a response on January 18, 2006, simply stating, in relevant part, that they sought to rely on the arguments advanced in their previous motions, that the magistrate judge was correct in her ruling, and that the report and recommendation should be adopted in its entirety.

Also on December 28, 2006, Magistrate Judge Morgan issued an order on non-dispositive motions.  *See* Order Denying Non-Dispositive Motions (Dec. 28, 2006) [docket entry #40].  Magistrate Judge Morgan's order denied Plaintiff's motion and amended motion to strike fraudulent

documents [denying docket entries #6 and #8], denied Plaintiff's motion for supersedeas and/or

protective order [denying docket entry #25], and denied Plaintiff's motion to correct clerical

mistakes relating to an order referring motions to the magistrate judge [denying docket entry #39].

Additionally, the magistrate judge's order found that Plaintiff's motions were frivolous and wasteful

of the time of all those involved.  *See* Order Denying Non-Dispositive Motions, pp. 2, 4 (Dec. 28,

2006) [docket entry #40].  Plaintiff filed objections to the Order on January 18, 2007 [docket entry

#46].

### III.    Legal Standard

#### A.  Review of Report and Recommendations

The Court's standard of review for a magistrate judge's report and recommendation depends

upon whether a party files objections. If a party does not object to the report and recommendation,

the Court does not need to conduct a review by any standard.  *See Lardie v. Birkett,* 221 F. Supp.

2d 806, 807 (E.D. Mich. 2002) (Gadola, J.).  If a party does object to portions of the report and

recommendation, the Court reviews those portions *de novo.  Lardie,* 221 F. Supp. 2d at 807.  The

Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant

part:

> The district judge to whom the case is assigned shall make a de novo determination
> upon the record, or after additional evidence, of any portion of the magistrate judge's
> disposition to which specific written objection has been made in accordance with this
> rule. The district judge may accept, reject, or modify the recommended decision,
> receive further evidence, or recommit the matter to the magistrate judge with
> instructions.

Fed. R. Civ. P. 72(b).

4

Here, because Plaintiff filed objections to the report and recommendation, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2. Because Plaintiff has filed objections to the magistrate judge's report and recommendation, this Court will review the record *de novo*.

**B.     Review of Non-Dispositive Order of a Magistrate Judge**

Non-dispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b) (1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

A magistrate judge to whom a pretrial matter not dispositive of a claim or defense

5

> of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

The Court will first turn to Plaintiff objections to the magistrate judge's report and recommendation. Plaintiff again argues that removal from the state court was not proper because the state court lacked jurisdiction over the corporate defendants and therefore this Court does not have jurisdiction to adjudicate the matter. The Court disagrees.

## IV.    Analysis

### A. Objections to the Report and Recommendation as it Relates to Jurisdiction

#### i.        Removal

Plaintiff's complaint was originally filed in the Third Judicial Circuit Court of Michigan, located in Wayne County, Michigan, on June 6, 2006. The state summons, as issued, allegedly

6

expired on September 5, 2006. *See* Notice of Removal, Ex. A [docket entry #1]. Defendant Martha Wright was personally served on August 30, 2006. Notice of Removal, ¶ 1-3 [docket entry #1]. Defendants removed this cause of action, pursuant to 28 U.S.C. § 1441, on September 20, 2006. Notice of Removal, ¶ 1-3 [docket entry #1]. At the time of the removal, fifteen days after the alleged expiration of the state summons, the corporate defendants had not been served with process. Notice of Removal, ¶ 2 [docket entry #1]. The corporate defendants at all times have been represented by the same counsel as Defendant Wright and the notice of removal indicates that despite the fact that the corporate defendants had not yet been properly served, they nevertheless consented to removal. Notice of Removal, ¶ 2 [docket entry #1].

Plaintiff argues that under Michigan Court Rule 2.102(D), (E), because the state court summons had expired, the corporate defendants were automatically dismissed from the cause of action even though the clerk of the state court had not taken any affirmative action to dismiss the unserved Defendants. *See* M.C.R. 2.102(D), (E). Plaintiff therefore argues that this Court acquired no jurisdiction over the allegedly dismissed corporate defendants because this Court must rely on derivative jurisdiction when an action is removed. *See e.g., Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). According to Plaintiff, the cause of action must be remanded to state court for dismissal, without prejudice, as to the defendants that were not served within ninety days of the issuance of the state court summons. Plaintiff's arguments fail for the following reasons.

Once an action is removed, federal law with respect to service governs. *See Cowen v. American Medical Systems, Inc.*, 411 F.Supp.2d 717, 720 (E.D. Mich. 2006); *Johnson v. Skolski,* No. 06-13904, 2007 WL 141961, at *3-4 (E.D. Mich. Jan. 16, 2007). Furthermore, Section 1448

7

provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. 28 U.S.C. § 1448.

In the instant matter, the corporate defendants were not provided proper service but instead consented to the removal. Such an action clearly indicates, as the magistrate judge duly noted, that upon removal the corporate defendants were aware of the action, that they chose to defend the action, and that they were waiving service of a summons. *See* Fed. R. Civ. P. 4. Accordingly, they are not subject to dismissal without prejudice. *See United States v. Hafner*, 421 F. Supp. 2d 1220 (D.N.D. 2006).

Additionally, the Court must examine Plaintiff's specific argument that the state court lacked any jurisdiction over the corporate defendants and that this Court, only able to rely upon "derivative jurisdiction", also lacks any jurisdiction over the corporate defendants. Plaintiff is incorrect on this ground as well.

Title 28, section 1441 was amended in 1986 and again in 2002 and now provides that, "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f). The statute essentially eliminates derivative jurisdiction. *See Taylor v. United States*, No. 06-2-C, 2006 WL 2037392, at *1 (W.D. Ky. July 2006). Accordingly, because Defendants removed this cause of action pursuant

to § 1441, it is of no import that the state court may not have had jurisdiction over the corporate defendants. This Court's jurisdiction in an action removed under § 1441 is not dependent on whether or not the state court had proper jurisdiction. *Id.* As the Court has previously stated, the corporate defendants received notice of the action, they joined in the removal by Defendant Wright, they sought to defend the action, and they are now properly before this Court. *See Hafner*, 421 F. Supp. 2d 1220. Therefore, to the extent inconsistent with this portion of the order, Plaintiff's objections to the impropriety of the removal are denied.

### ii.    Supplemental Jurisdiction

This Court's inquiry is not yet complete however because it is well established that "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). In this case, although Count V alleges a violation of federal law against Defendant Headway, Counts I-IV allege violations of state law against various combinations of all the defendants. The Court recognizes that it may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over state law claims ancillary to the relief sought. However, for the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Counts I-IV, Plaintiff's state law claims against the corporate defendants and non-diverse defendant Martha Wright, under supplemental jurisdiction.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its

9

supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1 (6th Cir.

Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court of the United States held in *City of Chicago v. International College*

*of Surgeons*:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise
> supplemental jurisdiction over state law claims . . . does not mean that the
> jurisdiction *must* be exercised in all cases.  Our decisions have established that
> pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*,
> 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over
> pendent claims for a number of valid reasons, [*id.* at 726-27].  *See also* [*Carnegie-
> Mellon Univ. v.*] *Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by Gibbs, the
> doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow
> courts to deal with cases involving pendent claims in the manner that most
> sensibly accommodates a range of concerns and values").  Accordingly, we have
> indicated that "district courts [should] deal with cases involving pendent claims
> in the manner that best serves the principles of economy, convenience, fairness,
> and comity which underlie the pendent jurisdiction doctrine."  *Id.* at 357.
>
> The supplemental jurisdiction statute codifies these principles.  After establishing
> that supplemental jurisdiction encompasses "other claims" in the same case or
> controversy as a claim within the district courts' original jurisdiction, § 1367(a),
> the statute confirms the discretionary nature of supplemental jurisdiction. . . .
>
> Depending on a host of factors, then--including the circumstances of the particular
> case, the nature of the state law claims, the character of the governing state law,
> and the relationship between the state and federal claims--district courts may
> decline to exercise jurisdiction over supplemental state law claims.  The statute
> thereby reflects the understanding that, when deciding whether to exercise
> supplemental jurisdiction, "a federal court should consider and weigh in each
> case, and at every stage of the litigation, the values of judicial economy,
> convenience, fairness, and comity."  *Cohill*, [484 U.S. at 350].

522 U.S. 156, 172-73 (1997).  *See also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470,

478-79 (9th Cir. 1998); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995);

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *Diven v. Amalgamated*

*Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C. Cir. 1994); *Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993).  *But cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law.  *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems.  Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.  Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems.  Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees.  Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they

11

create.

Such is the case here.  Plaintiff's state law claims against the defendants would substantially expand the scope of this case beyond that necessary and relevant to the federal law claim.  *See* 28 U.S.C. § 1367(c)(2); *Gaines v. Blue Cross Blue Shield of Mich.*, 261 F. Supp. 2d 900, 906 (E.D. Mich. 2003) (Gadola, J.); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787, 790-91 (E.D. Mich. 2002) (Gadola, J.); *see also Rugambwa v. Betten Motor Sales, Inc.*, 200 F.R.D. 358, 368 (W.D. Mich. 2001); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000); *Caraballo v. S. Stevedoring, Inc.*, 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); *James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1084-85 (D. Colo. 1992). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case.  *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims found in Counts I-IV.

### iii.  Diversity Jurisdiction

Even still, the Court's examination of jurisdiction in the present case is not yet complete. Defendant's notice of removal also provides that diversity jurisdiction allows removal in the instant matter.  Defendant argues that "Pursuant to 28 U.S.C. § 1332(a), district[] courts have original jurisdiction in all civil matters where the amount in controversy exceeds $75,000.00. . . . Plaintiff is seeking damages in excess of $75,000.00, and removal to this Court is proper."  Notice of Removal, ¶ 6 [docket entry #1].  However, Defendant recites only one

portion of the statute regarding diversity.  To satisfy the requirements of diversity, not only must the amount in controversy be in excess of $75,000.00, the controversy must be between "citizens of different States."   28 U.S.C. § 1332(a)(1).  Defendant fails to cite or explain how it meets the citizenship requirement of § 1332.

This Court's diversity jurisdiction requires *complete* diversity of citizenship.  *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68 (1806) (emphasis added).  Furthermore, complete diversity with respect to certain claims but not others is insufficient to sustain *any* jurisdiction over the cause of action on the basis of diversity:

> Long-established basic principles (*see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) teach that federal jurisdiction hinges on total diversity between all plaintiffs on the one hand and all defendants on the other.  And 28 U.S.C. § 1332(a) speaks in terms of the diversity of 'civil actions'-it is not enough that . . . total diversity may exist as to fewer than all of a plaintiff's claims, if they are joined with at least one nondiverse claim.

*Controlled Environment Systems v. Sun Process Co., Inc.* 936 F. Supp. 520, 521 (N.D. Ill. 1996) (footnote omitted).  *See also Safeco Ins. Co. Of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) ("Complete diversity requires that no party share citizenship with any opposing party.").

In the instant matter, a review of the complaint indicates that while Counts I and II allege claims against completely diverse parties, Counts III and IV allege claims against non-diverse Michigan resident Martha Wright in addition to the corporate defendants.  Accordingly, the Court finds that complete diversity with respect to all claims and all defendants does not exist and is an improper basis for removal jurisdiction.

13

The Court recognizes, as did Magistrate Judge Morgan, that it may be argued that Defendant Martha Wright should be ignored under the doctrine of fraudulent joinder. *See generally*, 14 Wright, Miller & Cooper, Federal Practice and Procedure, § 1684 (3d ed. 1998). However, a defendant wishing to assert such a claim bears the burden of so proving and Defendant has not asserted that argument in its filings. *See* Report and Recommendation, p. 4-5 (Dec. 29, 2006). Consequently, because Plaintiff has asserted claims against non-diverse defendant Martha Wright, *see Controlled Environment Systems,* 936 F. Supp. at 521; because Defendant has not set forth any evidence of fraudulent joinder, *see supra* note 2; and because the Court has an independent obligation to police the boundaries of its own jurisdiction, *Douglas*, 150 F.3d at 607; the Court finds that removal jurisdiction on the basis of diversity is inappropriate.

Accordingly, because this Court's removal jurisdiction is based on federal question jurisdiction and not on diversity jurisdiction, and because the Court has declined to exercise supplemental jurisdiction over Plaintiff's state law claims, *see supra*, Part IV.A.ii; Plaintiff's claims contained in Counts I-IV shall be remanded to the state court and Defendant Martha Wright shall be dismissed from this cause of action. The magistrate judge's report and recommendation, to the extent not consistent with this portion of this order shall be rejected.

### B. Objections to Report and Recommendation as it Relates to Defendants' Motion to Dismiss

The Court has also reviewed Plaintiff's objections to the magistrate judge's recommendations regarding Defendants' motion to dismiss for failure to follow a court order [docket entry #5]. The Court has conducted a *de novo* review of the Magistrate Judge's report and

recommendation regarding this matter, *see Lardie,* 221 F. Supp. 2d at 807, and finds that her findings of fact are sound and her legal reasoning is correct.  Magistrate Judge Morgan's report and recommendation, with respect to Defendant's motion to dismiss, shall be accepted and adopted as the order of this Court.  More specifically, the Court shall order Plaintiff to refrain from filing frivolous and/or unwarranted motions; to fully and fairly participate in discovery, including but not limited to having his deposition taken, if it has not already occurred, as soon as possible; and to provide all materials consistent with Fed. R. Civ. P. 26(a)(1) mandatory disclosures *See* Report and Recommendation, p. 7 (Dec. 28, 2006) [docket entry #41].  The Court shall further order that any failure by Plaintiff to follow the orders of this Court or to comply with all applicable rules of the Court will result in sanctions, up to and including monetary sanctions and/or dismissal of this cause of action with prejudice.  *See id.*

### C.   Objections to Magistrate Judge's Order Relating to Non-Dispositive Motions

Plaintiff also objects to Magistrate Judge Virginia Morgan's December 28, 2006 order [docket entry #40] denying four of Plaintiff's motions.  Magistrate Judge Morgan denied Plaintiff's motions and found that they were frivolous and wasteful of the time of all those involved.  *See* Order Denying Non-Dispositive Motions, pp. 2, 4 (Dec. 28, 2006) [docket entry #40].

After a review of the magistrate judge's order the Court finds that to the extent it is not inconsistent with the entirety of this order, it is not clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b) (1)(A); Fed. R. Civ. P. 72(a).  Accordingly, Plaintiff's objections [docket entry #46] to the magistrate judge's December 28, 2006 order [docket entry #40] shall be overruled.

15

**D.      Motions subsequent to the Magistrate Judge's Order and Report and Recommendation.**

On January 23, 2007, Plaintiff filed a motion to dismiss.  On January 29, 2007, Plaintiff filed a "Request to Transfer Case," and on February 13, 2007, Plaintiff file a "Motion to Transfer Case," each requesting the same relief.

As discussed above, prior to Plaintiff's most recent filings, Magistrate Judge Morgan found that Plaintiff had filed at least four frivolous and unwarranted motions that were wasteful of the time of all those involved.  *See*  Order Denying Non-Dispositive Motions, pp. 2, 4 (Dec. 28, 2006) [docket entry #40].  Furthermore, the magistrate judge issued a report and recommendation that indicated that Plaintiff should, among other things, refrain from filing frivolous and/or unwarranted motions.  Magistrate Judge Morgan also recommended that Plaintiff's failure to refrain from filing such motions should result in sanctions, up to and including monetary sanctions and/or dismissal of this cause of action with prejudice.  *See* Report and Recommendation, p. 7 (Dec. 28, 2006) [docket entry #41].

**i.      Plaintiff's Subsequent Motion to Dismiss**

Given the magistrate's warning, Plaintiff has duly been put on notice regarding the future filing of frivolous motions.  However, examining Plaintiff's most recent motions, Court finds that dismissal or other sanctions would not be appropriate because at the time of Plaintiff's filings this Court had not yet responded to the objections to the magistrate judges order and report and recommendations.  Therefore, in the interest of justice, the Court will strike Plaintiff's motion to dismiss [docket entry #49]. If Plaintiff wishes to renew the motion, after now being fully apprised

16

of the possible sanctions that he will face for the filing of any frivolous or unwarranted motion, he does so at his own risk.

### ii.      Defendant's Subsequent Motion to Dismiss

Additionally, on January 30, 2007, Defendant filed its own motion to dismiss due to Plaintiff's failure to follow the orders of this Court.  Again, because this Court had not yet ruled on the objections to Magistrate Judge Morgan's order and report and recommendation at the time of the alleged failings by Plaintiff, the relief Defendant requests would not be appropriate at this time.  Accordingly, Defendants' motion to dismiss [docket entry #51 and duplicate at docket entry #52] will be denied without prejudice as premature.

### iii.     Plaintiff's Request and Motion for Reassignment

The Court need not strike Plaintiff's request and motion to reassign the cause of action. Plaintiff argues that, according to Eastern District of Michigan Local Rule 83.10, because the cause of action was removed from the Third Judicial Circuit Court of Michigan, located in Wayne County, Michigan; because the cause of action arose in Wayne County; and because Plaintiff resides in Wayne County, the case should have been assigned to the Theodore Levin Federal Courthouse, located in Detroit, Michigan.  Accordingly, as a result of this alleged error, Plaintiff asks that the case be reassigned to a judge of the Eastern District of Michigan that is located in Detroit, Michigan.

Plaintiff's reading of Local Rule 83.10 is not availing.  Local Rule 83.10(a) merely divides the District into two distinct geographical divisions, commonly referred to as the Northern Division

and the Southern Division. The Southern Division consists of thirteen counties, of which Genesee and Wayne are but two. A case is assigned to either the Northern Division or the Southern Division based upon the county in which any number of rank ordered criteria relating to the cause of action are established. *See* Local Rule 83.10(b). Once a case is assigned to one of the two divisions according to the aforementioned factors of Local Rule 83.10(b), *any* "place of holding" within that division is appropriate for assignment of that case. *See id.* Accordingly, because all of the events surrounding this cause of action relate to Wayne County, Michigan, the assignment of Plaintiff's case to the Southern Division was correct. Furthermore, because the cause of action is proper in the Southern Division of the Eastern District of Michigan, any place of holding, Detroit, Flint, Ann Arbor, or Port Huron, is proper. *See* E.D. Mich. L. R. 83.10, 83.11(a). Accordingly, this case is not subject to reassignment and Plaintiff's request and motion for reassignment [docket entry #50 and #56] shall be denied. *See* E.D. Mich. L. R. 83.10(c), 83.11

### V.    Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry #44] to the magistrate judge's report and recommendation [docket entry #41]are **OVERRULED** and the report and recommendation [docket entry #41] is **ACCEPTED AND ADOPTED** as the order of this Court to the extent that it is not inconsistent with this order; those portions not consistent with this order are **REJECTED**.

**IT IS HEREBY ORDERED** that Plaintiff's motion/amended motion to remand [docket entries #9 and #13] are **DENIED**.

18

**IT IS FURTHER ORDERED** that this Court **EXERCISES JURISDICTION** over **COUNT V**, Plaintiff's federal law claim.

**IT IS FURTHER ORDERED** that **COUNTS I through IV** are **REMANDED** to the state court.

**IT IS FURTHER ORDERED** that **DEFENDANT MARTHA WRIGHT** is **DISMISSED** from this cause of action.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for failure to follow a court order [docket entry #5] is **DENIED**; **however,**

**IT IS FURTHER ORDERED** that Plaintiff **REFRAIN** from filing frivolous and/or unwarranted motions; that Plaintiff fully and fairly **PARTICIPATE** in discovery, including but not limited to having his deposition taken, if it has not already occurred, as soon as possible; and that Plaintiff **PROVIDE** all materials consistent with Fed. R. Civ. P. 26(a)(1) mandatory disclosures;

**IT IS FURTHER ORDERED** that any failure by Plaintiff to follow the orders of this Court or to comply with all applicable rules of the Court **WILL** result in **SANCTIONS**, up to and including monetary sanctions and/or dismissal of this cause of action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's objections [docket entry #46]to the magistrate judge's December 28, 2006 order on non-dispositive motions [docket entry #40] are **OVERRULED** to the extent that they are inconsistent with this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss [docket entry #49] is

19

**STRICKEN** from the record.  If, after fully considering this Court's order and being fully aware and advised of the possible sanctions facing Plaintiff for filing ay frivolous or unwarranted motions, Plaintiff wishes to re-file the stricken motion, Plaintiff shall so **FILE** within **TEN (10) DAYS** of the filing of this order.  If Plaintiff so files, Defendant need not re-file its response unless so desired.

      **IT IS FURTHER ORDERED** that Defendants' motion to dismiss [docket entry #51 and duplicate at #52] are **DENIED WITHOUT PREJUDICE AS PREMATURE**.

      **IT IS FURTHER ORDERED** that Plaintiff's request and motion for reassignment [docket entries #50 and #56] are **DENIED**.

      **SO ORDERED.**

Dated:    March 8, 2007                                    s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 8, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Ronald G. Acho_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  _____Michael J. Morton_____.

s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

21